**Dated: March 31, 2017**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

CAROLYN FRANCES COLLEY,             Case No. 16-80023-TRC
                                                    Chapter 13

           Debtor.

**OPINION DISALLOWING PROOF OF CLAIM
AND CONTINUING CONFIRMATION OF AMENDED PLAN**

The issues before the Court are 1) whether to sustain Debtor's objection to home mortgage creditor JP Morgan Chase Bank, NA's late-filed proof of claim, and 2) whether the Court may confirm Debtor's Amended Plan which proposes no payment on the mortgage creditor's $80,000 pre-petition arrearage claim. For reasons set forth below and in accordance with the Court's Opinion entered in a similar case, No. 16-80071 Nicholas Eugene Thompson, the Court finds that it must disallow Chase's late-filed claim, and will continue the confirmation hearing on Debtor's Amended Plan.

**I.     Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a). This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (L).

**II.    Background**

Debtor filed this case along with her Chapter 13 Plan and Summary of Plan on January 16, 2016.[1] The Notice of Chapter 13 Bankruptcy was entered and mailed to creditors, including Creditor JPMorgan Chase Bank ("Chase"), that same day. The Notice provided that the Meeting of Creditors would be held February 11, 2016, a confirmation hearing would be held March 10, 2016 with objections to the Plan due the Friday before, and that creditors desiring to receive a distribution under the chapter 13 plan must file a proof of claim by May 11, 2016. Debtor's Plan listed Chase's secured claim on her homestead at $ 90,000, payable in 60 monthly payments of $ 556.00 with no interest. It also included payments beginning in month 10 for: pre-petition arrearage of $ 50,203.00 payable at $ 984.37 a month, and post-petition arrearage of $ 556.00 payable at $ 10.90 a month. The only other payments to be made under the plan were on a car loan and for her attorney's fees. She listed unsecured debts of $2,384.00 in her Petition, but her summary of plan proposed no payments to her unsecured creditors.

The Plan contains numerous notices to creditors that they must file a proof of claim and participate in the confirmation process if they expect to receive distributions under the plan. The Plan begins with this warning:

**NOTICE TO CREDITORS: YOU SHOULD READ THIS PLAN. EACH PARAGRAPH CONTAINS INFORMATION AND TERMS WHICH MAY AFFECT YOUR RIGHTS, INCLUDING YOUR RIGHT TO PAYMENT OF YOUR CLAIM AND RETENTION OF YOUR LIEN RIGHTS OR SECURITY INTEREST. FAILURE TO OBJECT TO CONFIRMATION OF THIS PLAN OR FAILURE TO TIMELY FILE A PROOF OF CLAIM MAY RESULT IN THE LOSS OF YOUR SECURITY INTEREST OR RIGHT TO PAYMENT. YOU SHOULD CONSULT AN ATTORNEY FOR LEGAL ADVICE.**

---

[1] Debtor had previously filed a chapter 13 in this Court, Case. No. 15-80652. That case was dismissed on October 6, 2015 for failure to provide required information (plan, pay advices, schedules).

Following this opening, Section 1 of the Plan includes the definitions of terms used in the plan.

> X.  Allowed Claims.  The following definitions shall apply where no Objection to Claim or Motion to Disallow is filed. Where an Objection to Claim or Motion to Disallow are filed the Allowed Claim Amount shall be the amount allowed pursuant to order of the Court. The Court may completely disallow any secured or unsecured claim that is tardily filed.
>
> . . .
>
> > b.  The Allowed Class II.A. Continuing Payment Amount shall be amount claimed by the creditor in its timely filed claim. If the creditor fails to file a claim timely then the Allowed Class II.A. Continuing Payment Amount shall be the lesser of the amount provided for by the Summary of Plan or the amount requested in the Proof of Claim from the Beginning Month until the first payment due in the month following the month the claim is filed at which time the Allowed Class II.A. Continuing Payment Amount shall be the amount claimed by the creditor. The Allowed Class II.A. Continuing Payment Amount may only change prospectively based upon a Notice of Mortgage Payment Change or Amended Claim.
> >
> > c.  The Allowed Class II.B. Pre-Petition Arrearage Claim shall be the amount claimed by the creditor in a timely filed claim.

The plan also states that where default is cured and payments maintained on long term debts, liens are retained and the debt shall be declared fully reinstated:

> **SECTION 5.  Classification and Treatment of Claims (11 U.S.C. §§1322 and 1325).**
> **CLASS II: Claims provided for under 11 U.S.C. §1322(b)(5).**
>
> Class II Claims are long term debts for which the default will be cured under Class II.B and/or the payments will be maintained until the filing of the Notice of Completion of Plan Payments. Class II claims are not discharged upon entry of a discharge and creditors holding Class II claims shall retain their liens under applicable non-bankruptcy law except that waiver, estoppel, laches and/or issue preclusion shall apply to the creditor and the debt so that the debt shall be fully reinstated on the filing of the Notice of Completion of Plan Payments. . . .

Trustee filed an objection to this plan on March 1, 2016, on the grounds that the plan was not feasible and that Debtor owed taxes for 2015. The Oklahoma Tax Commission also objected to this plan, but its objection was later withdrawn. Chase's counsel, Michael J. George III, entered an appearance on March 4, 2016, and filed an Objection to Confirmation. The Objection stated that Chase held a secured claim of $ 58,414.99 plus interest, costs and attorney's fees on real property in McAlester, Oklahoma. It also stated that the pre-petition arrearage was approximately $ 85,637.97 plus interest, which was $ 35,434.97 more than Debtor's plan proposed to pay Chase as a Class II.B Pre-Petition Arrearage Claim. Chase requested that the Court either modify the plan to pay the arrearage claim in full with interest or deny confirmation of the Plan. Chase did not file a proof of claim by the deadline of May 11, 2016. Neither Trustee nor Debtor filed a proof of claim on Chase's behalf.

The confirmation hearing was continued several times, and Trustee moved to dismiss the case.[2] Eventually, an evidentiary hearing on confirmation and Trustee's dismissal motion was set for August 4, 2016. The day before this hearing, John Richer and Dustin Perry entered their appearances as counsel for Chase. Shortly before the confirmation hearing on August 4, 2016, Debtor filed a First Amended Plan and Summary(Doc. 60) proposing to make direct payments to Chase beginning October 1, 2016, and proposing an eight month plan including a 100% distribution to unsecured creditors. The Court set the confirmation issues on a discovery schedule, and set a pre-trial on confirmation for December, 2016. On August 19, 2016, Mr. George filed a proof of claim on behalf of Chase, identifying the amount of the secured claim as $ 136,589.66, and a pre-petition

---

[2]Trustee's Motion to Dismiss (Doc. 49) filed July 1, 2016, is still pending. A second motion to dismiss for delinquency was withdrawn.

arrearage amount of $ 85,637.97 with interest at 10.375%. Chase indicated that its claim did not amend a previously-filed claim. Terry Hopson, Jr., Vice President of Chase in Monroe, Louisiana, completed and executed the proof of claim on July 31, 2016.

On November 2, 2016, Chase filed an objection to Debtor's First Amended Plan and Summary, incorporating its previous objection, and stating that the plan was an improper attempt to modify its interest secured by Debtor's principal residence, contrary to § 1322(b)(2), and § 1325(a)(1), (3), (5) and (7) since it did not account for Chase's pre-petition arrearage of $ 85,637.97 plus interest. Chase also moved for summary judgment on the issue of confirmation of Debtor's First Amended Plan and Summary. Debtor filed an objection to Chase's proof of claim on January 11, 2017 (Doc. 91), urging the Court to disallow Chase's claim as untimely pursuant to 11 U.S.C. § 502(b)(9), and requesting that the Court order the debt to Chase be deemed current upon conclusion of the Plan.[3] Trustee opposes Chase's motion for summary judgment and urges the Court to disallow its claim as untimely, and confirm the First Amended Plan and Summary.

### III. Objection to Chase's Proof of Claim.

#### A. Chase's objection to confirmation is not an informal proof of claim.

Chase urges the Court to treat its objection to confirmation filed before the proof of claims deadline as an informal proof of claim. In *In re Reliance Equities, Inc.*, 966 F.2d 1338 (10th Cir. 1992), the Tenth Circuit Court of Appeals established the following five part test for establishing an informal proof of claim:

1. the proof of claim must be in writing;

2. the writing must contain a demand by the creditor on the debtor's estate;

3. the writing must express an intent to hold the debtor liable for the debt;

---

[3] Neither the Code nor the Rules include a deadline for filing objections to claims.

4. the informal proof of claim must be filed with the Bankruptcy Court; and

5. based on the facts of the case, it would be equitable to allow the amendment.

The Court finds that Chase's objection to confirmation is not an informal proof of claim. Although the objection is in writing and was filed in the case, it does not expressly contain a demand by the creditor nor express an intent to hold Debtor liable for the debt. Yet even were this Court to construe the first four prongs of the test satisfied, the Court believes that under the facts of this case it would be inequitable to allow the untimely proof of claim by treating it as an amendment to the objection to confirmation. Chase is a sophisticated creditor. Chase had notice of the claims bar date. Chase participated in this case. Chase received numerous requests and email correspondence from the Trustee's office requesting that it file a proof of claim. Chase was represented by counsel who regularly practices in this bankruptcy court. *See In re Egan,* 526 B.R. 111 (Bankr. S.D.N.Y. 2015). Chase's response is to state that it was not required to file a proof of claim at all. This is a true statement of the law. However, it is also true that failure to file a timely formal proof of claim prevents a creditor from receiving a distribution under the plan. Chase concedes this. Indeed, the express terms of the plan clearly provide that this is the result for creditors who fail to abide by court-imposed deadlines. All of these facts persuade the Court that it would be inequitable to allow Chase's objection to confirmation to serve as an informal proof of claim and the untimely formal proof of claim to relate back and function as an amendment to an informal claim.

**B.      Chase's Late-filed Proof of Claim is Disallowed Pursuant to § 502(b)(9).**

As the Court set forth in its Thompson Opinion, Case No. 16-80071, Chase's late-filed claim is disallowed as untimely. However, the Court declines to disallow the claim on any other grounds, and declines to find that Debtor will be deemed current on her home mortgage at the conclusion of

her plan. The result of the disallowance of a claim is that Chase may not receive distributions under the plan.

### C. Chase's Claim Will Not be Reconsidered and Allowed Under § 502(j).

Chase argues that its claim can be reconsidered and allowed for cause under § 502(j). It makes this argument primarily as being beneficial to Debtor. However, neither Debtor nor Trustee indicated any willingness to reconsider allowing Chase's claim on equitable grounds, and do not appear to share Chase's opinion that its disallowed claim should be reconsidered and allowed. The Court does not believe there is cause to allow Chase's disallowed claim on any ground based upon the facts before it. Chase has provided no justification or cause for filing its claim late, and it missed the deadline by more than three months. When the Court balances the equities, they do not tip in Chase's favor to persuade it to allow Chase's late-filed claim.

## IV. Confirmation of the Amended Plan.

The same legal arguments presented in this case are addressed in the Court's Thompson Opinion. The Court adopts the legal analysis set forth therein. The Court finds that to the extent Debtor is attempting to confirm a plan and discharge Chase's entire pre-petition arrearage claim of over $ 85,000, the Court finds that her plan is an improper modification of Chase's rights as the mortgage creditor and the plan is not confirmable. Her Amended Plan does not include the written proviso that she be deemed current on her mortgage at the completion of her plan (as the Thompson case plan included), but her objection to Chase's proof of claim does include that provision, and her counsel appeared to argue at hearings that her failure to include any payment on Chase's arrearage claim is because she considers it to be disallowed and no longer owed.

As in the Thompson case, Chase has participated in the confirmation process throughout this case. The Court can offer no explanation as to why it did not timely file a proof of claim. However,

this case is unlike any of the legal authorities presented by Trustee to support confirmation of this plan. Here, Chase objected to the original plan and to the amended plan. Debtor waited until after the claims bar date to file an amended plan proposing to pay nothing on Chase's arrearage claim. Even though Chase's claim is disallowed for untimeliness, the Court does not believe it can wipe out the entire arrearage claim and declare the mortgage current when Debtor has made no attempt to cure the default. Instead, it appears that what Debtor is attempting to do is to gain a huge windfall. Her scheduled unsecured debts are minimal — just $2,384.00. Her original plan was to pay nothing to unsecureds, and only included payment on her secured car loan, and on Chase's mortgage and arrearage claims, suggesting that she filed this case for the purpose of keeping her home and curing her default during the life of the plan. The Court may be required to confirm a plan that does not pay disallowed claims, but it will not find that Debtor's entire pre-petition arrearage debt to Chase of $ 85,637.97 may be completely wiped out by Chase's failure to file a timely proof of claim. The Court will not confirm Debtor's plan over Chase's objection, and find that at completion of the plan all defaults have been cured and the mortgage can be deemed current. To the extent that is what Debtor's plan entails, the Court will not confirm it.

In light of this Opinion and the Court's Thompson Opinion, the Court will set another hearing on confirmation of Debtor's Amended Plan. Should Debtor desire to file an amended plan she may do so. Should Debtor decide to proceed with confirmation of her current Amended Plan without payment on Chase's disallowed arrearage claim, she must advise the Court and all interested parties that she is aware that confirmation will not result in a finding that she will be deemed current on her mortgage upon completion of her plan.

## V. Conclusion

Chase's proof of claim will be disallowed on the grounds that it was filed after the bar date. The Court will continue confirmation of Debtor's Amended Plan. A separate order consistent with this Opinion will be entered.

###